UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CV-0001-CVE-FHM |
| | ) |
| DOLGENCORP, LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion to Remand and Opening Brief in Support (Dkt. # 15). The parties dispute whether defendant timely removed this case to federal court. Plaintiff claims that it served Dollar General Corporation (Dollar General) on July 13, 2012 and Dollar General did not remove the case within 30 days of service of process. Dkt. # 15, at 1. Defendant Dolgencorp, LLC (Dolgencorp) responds that Dollar General and Dolgencorp are separate entities, and plaintiff did not serve Dolgencorp until December 12, 2012. Dolgencorp argues that it removed the case within 30 days of service of process and its notice of removal was timely filed. Dkt. # 19, at 2.

**I.**

On June 13, 2012, plaintiff filed this case alleging that he was the victim of racial discrimination and that he was falsely imprisoned at a Dollar General store in Verdigris, Oklahoma. He claims that he was falsely accused of shoplifting because of his race, and he was wrongfully detained and subjected to a search by police based on the false allegations of shoplifting. Dkt. # 2, at 10-13. The case was filed in Rogers County District Court, Oklahoma. Plaintiff filed a return of service stating that Dollar General was served on July 13, 2012. Id. at 15. On October 17, 2012,

Dollar General filed a motion to dismiss on the ground that Dollar General is not subject to personal jurisdiction in Oklahoma. Id. at 26. In the motion to dismiss, Dollar General stated that "Dollar General Corporation is a separate and distinct legal entity from Dolgencorp, LLC" and that Dollar General does not own any stores or conduct business in Oklahoma. Id. at 27. Plaintiff filed an amended petition (Dkt. # 2, at 39-43) naming Dolgencorp as the defendant, and he dismissed without prejudice his claims against Dollar General. Plaintiff served Dolgencorp with a summons and a copy of the amended petition on December 12, 2012. On January 2, 2013, Dolgencorp removed the case to this Court on the basis of federal question and diversity jurisdiction. Dkt. # 2.

## II.

Plaintiff argues that removal of the case was untimely under 28 U.S.C. § 1446, because defendant failed to file a notice of removal within 30 days of receiving notice of plaintiff's claims. Dkt. # 15, at 1-2. He asserts that Dolgencorp and Dollar General are related entities and any error in the naming of the defendant in the original petition was merely a "technical defect," and Dolgencorp was required to file a notice of removal within 30 days of service on Dollar General. Id. at 2. Defendant responds that plaintiff named a completely separate entity in the original petition, and it could not have removed the case until plaintiff filed an amended petition naming the correct party and defendant was properly served. Dkt. # 19. Defendant argues that its alleged knowledge of the case was not sufficient to trigger the 30 day deadline to file a notice of removal, because a non-party has no right to remove a case under the removal statutes.

Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." A

defendant's 30 day period to file a notice of removal does not begin to run until a defendant is able to "intelligently ascertain removability so that in his [notice of] removal he can make a simple and short statement of the facts" supporting removal. Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1078 (10th Cir. 1999). In Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), the Supreme Court held that formal service of process on a defendant is required to trigger the 30 day period to file a notice of removal under § 1446(b), and a defendant's receipt of a courtesy copy of the complaint or knowledge that a case has been filed is insufficient to trigger a defendant's 30 day time period to remove a case to federal court. In reliance upon Murphy Brothers, this Court and other courts within the Tenth Circuit have found that formal service of process on a defendant is required to trigger the 30 day removal period. White v. Mylan, Inc., 2012 WL 6726593, *4 (W.D. Okla. Dec. 27, 2012); Denny v. Illinois Nat'l Ins. Co., 2010 WL 5141656, *4-5 (N.D. Okla. Dec. 13, 2010); Fenwick v. Nationwide Mutual Insurance Company, 2009 WL 3246757, *2 (D. Utah Oct. 6, 2009); Anderson v. Ford Motor Co., 303 F. Supp. 2d 1253, 1257-58 (W.D. Okla. 2004).

Plaintiff relies on Aranda v. Foamex International d/b/a FXI, Inc., 884 F. Supp. 2d 1186, (D.N.M. 2012), to support his argument that a technical defect in the naming of a defendant does relieve a defendant of its obligation to timely remove a case to federal court. In Aranda, the plaintiff attempted to serve defendant "Foamex International, doing business as FXI, Inc," but the registered agent for FXI, Inc. returned service to plaintiff's counsel because it had no records of an entity known as Foamex International. Id. at *8. However, the registered agent sent a copy of the documents to FXI, Inc. and FXI, Inc. acknowledged that it received a summons and copy of the complaint. Id. at *21. The defendant, FXI, Inc., removed the case to federal court more than 30

days after service on the registered agent, and the plaintiff filed a motion to remand the case to state court. Id. at *1-2. The court found that service was not defective merely because the defendant was misnamed, and the service of process on the defendant's registered agent was valid under New Mexico law. Id. at 19-20. The complaint sufficiently described the plaintiff's claims to allow the defendant to determine the case was removeable, and the defendant was required to file a notice of removal within 30 days of service on its registered agent. Id. at 25-26. The defendant's notice of removal was filed nearly two months after it was served, and the court found that defendant's removal was untimely.

Defendant argues that Aranda is distinguishable, and it claims that Fenwick is directly on point. Dkt. # 19, at 3. In Fenwick, the plaintiff filed a breach of contract claim to recover uninsured motorist benefits, but she did not name her insurer, Nationwide Mutual Insurance Company (Nationwide), as a party in the original complaint. Id. at *1. However, documents in plaintiff's possession clearly identified Nationwide as the insurer. An attorney from Nationwide contacted the plaintiff's attorney to inform the plaintiff that the complaint did not actually name her insurer as a party, and the plaintiff filed an amended complaint naming Nationwide as a party. Id. Nationwide removed the case to federal court within 30 days of receiving service of the amended complaint, but the notice of removal was filed 57 days after the defendants named in the original complaint were served. Id. Plaintiff filed a motion to remand the case to state court on the ground that Nationwide's notice of removal was untimely under § 1446(b). The plaintiff argued that its misidentification of the defendant was a technical defect and the defendant's 30 day removal period began when the complaint was served on the original defendants. Id. at *3. The court rejected the plaintiff's argument and found that service of process on legally separate entities was not sufficient to trigger

4

the defendant's 30 day time period to file a notice of removal. Id. Thus, the defendant's notice of removal filed within 30 days of service of the amended complaint was timely, and the plaintiff's motion to remand was denied. Id. at *3-4.

Plaintiff's reliance on Aranda is misplaced, and Aranda does not support plaintiff's request to remand this case to state court. In Aranda, the plaintiff had served the correct party through its registered agent, but the plaintiff incorrectly named the defendant in the caption of the complaint. Aranda, 2012 WL 2923183 at *1. Thus, the defendant had been formally served as required by Murphy Brothers and the court found that the 30 day removal period began to run after the defendant was served. In this case, plaintiff named and served a separate entity, Dollar General, and the correct defendant, Dolgencorp, was not served. The error in this case cannot be classified as a misnomer or a "technical defect" because, unlike in Aranda, the correct defendant was not served with process. Thus, Dolgencorp's 30 day removal period did not begin to run when Dollar General was served on July 13, 2012. Plaintiff assumes that Dolgencorp could have filed a notice of removal after Dollar General was served, because Dolgencorp and Dollar General are related entities and Dolgencorp was aware of the lawsuit. Dkt. # 15, at 4. However, the Court has reviewed the removal statutes and there is nothing that would suggest that a non-party has the right to file a notice of removal. It would also be inconsistent with Murphy Brothers for the Court to find that Dolgencorp had sufficient notice of the case, even though it had not been served, because the Supreme Court clearly held in Murphy Brothers that formal service of process on a defendant is required to trigger the 30 day removal period. Dolgencorp removed the case to this Court within 30 days after it was served with a copy of the amended complaint and a summons, and its notice of removal was timely under § 1446(b).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand and Opening Brief in Support (Dkt. # 15) is **denied**.

**DATED** this 4th day of March, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE